## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION

**AARON LOMAN**                                                    **PLAINTIFF**

**v.**                                                **CIVIL ACTION NO. 5:24-CV-187-JHM**

**DEPARTMENT OF CORRECTIONS**                                  **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff Aaron Loman filed the instant *pro se* 42 U.S.C. § 1983 action[1] proceeding *in forma pauperis* on December 13, 2024 (DN 1). The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons stated below, the Court will dismiss the action without prejudice to filing an amended complaint.

### I. STATEMENT OF CLAIMS

Plaintiff's allegations concern what appears to be a period of previous incarceration at the Kentucky State Penitentiary (KSP).[2] He sues "D.O.C. Kentucky State Penitentiary" in its official capacity and "Wellpath" with no designated capacity.

Plaintiff's complaint alleges that the following occurred at KSP on July 22, 2022, at 10:30 a.m.: "I came to medical to be treated for an infection on my foot. Anna Murphy the provider told me to deal with it myself an[d] she would not give me antibiotics and to buy my own BandAid[.] It resulted in me having a 1/4 of my foot amputated."

---

[1] Plaintiff's complaint indicates that he is bringing suit against Federal officials pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The Court construes his complaint as arising under 42 U.S.C. § 1983 insofar as he names only state agencies or actors as Defendants.

[2] While the complaint indicates that Plaintiff was incarcerated at one time, it does not appear he is currently confined, and the complaint was filed after his release. Accordingly, the Court will review the complaint under § 1915(e), rather than § 1915A, which applies to "a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." § 1915A(a). However, the outcome is the same under either standard.

As relief, Plaintiff seeks monetary damages.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore*, 114 F.3d at 608-09 (6th Cir. 1997). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, this duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

## III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). However, federal law determines when a § 1983 claim accrues to trigger the running of this state statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387-88 (2007).[3]

The Court construes the complaint as alleging a claim of deliberate indifference to serious medical needs under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994).

As to the Defendant named "D.O.C. Kentucky State Penitentiary," the Court observes that KSP is part of the Kentucky Department of Corrections (KDOC), both of which are agencies or entities of the Commonwealth of Kentucky. *See* Ky. Rev. Stat. § 15A.020. A state and its agencies, however, are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Crockett v. Turney Ctr. Indus. Prison*, No. 96-6067, 121 F.3d 707, 1997 WL 436563, at *1 (6th Cir. Aug. 1, 1997) ("The prison is a state agency . . . . A state agency is not considered a 'person' subject to suit under 42 U.S.C. § 1983."). Because neither KSP nor KDOC is a "person" for purposes of § 1983, Plaintiff's claim against D.O.C.

---

[3] The Court notes that there remains some uncertainty as to the standard applied regarding the commencement of the statute of limitations in § 1983 cases. As observed by a recent Sixth Circuit decision, the Supreme Court has recited a "standard" or "occurrence" rule which starts a limitations period when "the plaintiff has a complete and present cause of action." *Reguli v. Russ*, 109 F.4th 874, 879 (6th Cir. 2024) (citations and quotations omitted). The Sixth Circuit, however, has suggested the application of a "discovery" rule in § 1983 cases, which "postpones the limitations period to the date that the plaintiff discovered, or reasonably should have discovered, basic facts about the claim." *Id*. *Reguli* further observed that the Circuit's application of the "discovery rule" produced two lines of cases: one line which holds that the statute of limitations begins to run when the plaintiff knows of the injury which forms the basis of his action and a second line which holds that the discovery rule starts the limitations period when the plaintiff knows, or should have known, of both his injury and the cause of that injury. *Id*. at 882-883. *Reguli* acknowledged that these decisions have sent "mixed messages" regarding the discovery rule, *see id*. at 883, as did a subsequent decision in *Coleman v. Hamilton Cnty. Bd. of Cnty. Commissioners,* 130 F.4th 593, 602 (6th Cir. 2025) ("our § 1983 cases leave unclear what this discovery rule requires plaintiffs to have 'discovered' to trigger the limitations period.").

Kentucky State Penitentiary must be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff also names Wellpath as a Defendant in this action. Wellpath is ostensibly the entity that contracts with the Commonwealth of Kentucky to provide medical care to state prisoners. The same analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a privately contracted entity such as Wellpath. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (observing that the Supreme Court's holding in *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978), extends to private corporations). To that end, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and an alleged constitutional deprivation. *Monell*, 436 U.S. at 691. Thus, the liability of a contracted private entity must also be based on a policy or custom of the entity. *Street*, 102 F.3d at 818; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the entity under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)). As Plaintiff does not allege that any constitutional violation occurred as a result of a policy or custom of Wellpath, his claim of deliberately indifferent medical treatment must be dismissed for failure to state a claim upon which relief may be granted.

Finally, although not named as a defendant in the case caption, Plaintiff's complaint identifies medical provider Anna Murphy (Murphy) as participating in the alleged refusal/denial of medical treatment and attaches a summons bearing Murphy's name. Liberally construed, the Court considers this a deliberate indifference to medical needs claim asserted against Murphy,

individually. However, the only action ascribed to Defendant Murphy occurred in July 2022,[4] when she allegedly refused to treat Plaintiff's infection with antibiotics and provide him with a Band-Aid.

Accordingly, the Court will dismiss this action without prejudice and with leave to amend to the complaint for Plaintiff to name the appropriate defendant(s) and provide this Court with additional details and dates relating to his Eighth Amendment deliberate indifference to medical needs claim, including the date of his amputation. *See Rashada v. Fiegel*, No. 23-1674, 2024 WL 1367436, at *4 (6th Cir. Apr. 1, 2024) (approving dismissal of *pro se* complaint without prejudice and with leave to amend).

The Clerk of Court is **DIRECTED** to place this case number and word "Amended" on a Complaint for Violation of Civil Rights (Non-Prisoner) form and send it to Plaintiff, should Plaintiff choose to amend the complaint. Any amended complaint must be filed on or before **July 7, 2025**.

### IV. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date: June 5, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.015

---

[4] Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)). The Court presumes, for purposes of initial review only, that Plaintiff's deliberate indifference claim against Murphy is not time-barred.