UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**AARON LOMAN**                                                                                    **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 5:24-CV-187-JHM**

**DEPARTMENT OF CORRECTIONS**                                                       **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Aaron Loman filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. On initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), the Court dismissed this action without prejudice to Plaintiff filing an amended complaint. Plaintiff has filed an amended complaint. For the following reasons, the Court reopens this closed case and reviews the amended complaint pursuant to § 1915(e).[1]

**I. BACKGROUND**

Plaintiff's original complaint named "D.O.C. Kentucky State Penitentiary" and Wellpath as Defendants, alleging that inadequate medical treatment he received while incarcerated at Kentucky State Penitentiary (KSP) caused him to have his foot partially amputated.

On initial review, the Court dismissed the complaint on the grounds that: (1) the claim against D.O.C. Kentucky State Penitentiary failed to state a claim upon which relief may be granted because a state agency is not a "person" subject to suit under § 1983, *see Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989); *see also Crockett v. Turney Ctr. Indus. Prison*, No. 96-6067,

---

[1] While the complaint indicates that Plaintiff was incarcerated at one time, it does not appear he is currently confined, and the complaint was filed after his release. Accordingly, the Court will review the complaint under § 1915(e), rather than § 1915A, which applies to "a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." § 1915A(a). However, the outcome is the same under either standard.

121 F.3d 707, 1997 WL 436563, at *1 (6th Cir. Aug. 1, 1997); and (2) the claim against Wellpath failed to state a claim upon which relief may be granted because Plaintiff did not allege that any constitutional violation occurred as a result of a policy or custom by Wellpath, *see Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978).  (DNs 10 and 11).  The Court dismissed the claim with leave to amend the complaint to name the appropriate Defendant(s) and explain what specific action Defendant(s) undertook in violation of his constitutional rights.  (*Id.*).

Plaintiff has filed an amended complaint (DN 12).  The Court construes the amended complaint as requesting to reopen this case, which the Court **GRANTS** (DN 12).  The Court **DIRECTS the CLERK OF COURT to reopen this case**.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e).  *McGore*, 114 F.3d at 608-09.  On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  However, this duty "does not require us to conjure up unpled allegations."  *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

### III.  GENERAL LEGAL PRINCIPLES

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere.  *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Absent either element, a section 1983 claim will not lie."  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions.  *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985).  In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a).  *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).  However, federal law determines when a § 1983 claim accrues to trigger the running of this state statute of limitations.  *Wallace v. Kato*, 549 U.S. 384, 387-88 (2007).

The Sixth Circuit has recently discussed the varying approaches used to determine when a claim accrues for purposes of statute of limitations analysis.  "The Supreme Court has explained that the 'standard' accrual 'rule' starts a limitations period when 'the plaintiff has a complete and present cause of action.'"  *Reguli v. Russ*, 109 F.4th 874, 879 (6th Cir. 2024) (per curiam) (quoting *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal., Inc.*, 522 U.S. 192, 201 (1997) (internal quotation marks omitted).  "Put differently, this 'injury-occurrence' or 'occurrence' rule triggers the limitations period on the first day that every element of a claim has occurred such that the plaintiff may sue in court over the claim."  *Id.* (citing *Wallace*, 549 U.S. at 388).  The Sixth Circuit continued, "The Supreme Court has recited this rule in three § 1983 cases."

*Id.* (citing *Reed v. Goertz*, 598 U.S. 230, 235-36 (2023); *McDonough v. Smith*, 588 U.S. 109, 114-15 (2019); *Wallace*, 549 U.S. at 388). "But our § 1983 cases have taken a different approach. We have suggested that the statute adopts a 'discovery rule,' not an 'occurrence rule.'" *Id.* (citing *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1162 (6th Cir. 2021)). In *Reguli*, the Sixth Circuit acknowledged that some of its decisions have sent "mixed messages" regarding the discovery rule in § 1983 actions.[2] However, it concluded its analysis by stating that "[u]nder either approach to the discovery rule, our cases leave no doubt that a statute of limitations can start to run even if a § 1983 plaintiff lacks knowledge of every element of the claim." *Id.* at 883.

## IV. ANALYSIS

The amended complaint again names Wellpath as a Defendant. Additionally, Plaintiff names Anna Murphy, a medical provider presumably employed by Wellpath, in her individual capacity. (DN 12).

In the original complaint, Plaintiff alleged that on July 21, 2022, Defendant Murphy told Plaintiff to "deal with [the foot infection] myself and she would not give me antibiotics and to buy my own BandAid. It resulted in me having 1/4 of my foot amputated." (DN 1, PageID.5). In the amended complaint, Plaintiff alleges: "I was denied medical care and antibiotics to treat my medical condition. An infection on my left little toe causing me to lose the toe and had to have it removed by a doctor at Lords Mercy Peducah KY." (DN 12, PageID.50).

---

[2] The *Reguli* court explained that there were two lines of cases in the Sixth Circuit regarding the discovery rule – one line which holds that the statute of limitations begins to run when the plaintiff knows of the *injury* which forms the basis of his action and a second line which holds that the discovery rule starts the limitations period when the plaintiff knows, or should have known, of both his *injury* and the *cause* of that injury. *Id.* at 882-883. *Reguli* acknowledged that these decisions have sent "mixed messages" regarding the discovery rule, *see id.* at 883, as did a subsequent decision in *Coleman v. Hamilton Cnty. Bd. of Cnty. Commissioners*, 130 F.4th 593, 602 (6th Cir. 2025) ("[O]ur § 1983 cases leave unclear what this discovery rule requires plaintiffs to have 'discovered' to trigger the limitations period.").

Plaintiff also appends to the amended complaint an affidavit by Robert Hunt, a former correctional officer at KSP, who attests:

> On 21[st] July 2022, I was assigned to Medical Housing Unit as the Medical Officer. I had called for I/M Loman to come down . . . to medical to take care of a sick call visit. I witnessed Loman asking for proper treatment of his foot which was swelled and in bad shape. The nurses told I/M Loman to put Neosporin and buy bandaids off of commissary.

(DN 12-1, PageID.54).

As to Defendant Wellpath, Plaintiff's claim must be dismissed for the reasons stated in this Court's previous Memorandum Opinion. (DN 10). Stated briefly, to hold a privately contracted entity such as Wellpath liable for the infliction of his alleged injury, Plaintiff cannot rely upon a theory of vicarious liability for the actions of its employees. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817–18 (6th Cir. 1996). Instead, he must allege that the injury was caused by the execution of a policy or custom of the entity. *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001). Plaintiff again fails to allege that any constitutional violation occurred as a result of a policy or custom of Wellpath. Accordingly, his claim of deliberately indifferent medical treatment must be dismissed for failure to state a claim upon which relief may be granted.

As to Defendant Murphy, the amended complaint's allegations do not support a deliberate indifference to medical needs claim against her.

A claim for deliberate indifference "has both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). The objective component "requires the existence of a sufficiently serious medical need" – that is, "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895, 897 (6th Cir. 2004) (quotation marks, emphasis, and citation omitted).

5

The subjective component requires that the plaintiff show that the official acted with "a sufficiently culpable state of mind" – that is, one in which "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994) (quotation marks and citations omitted). Moreover, "[o]rdinary medical malpractice does not satisfy the subjective component." *Grose v. Corr. Med. Servs., Inc.*, 400 F. App'x 986, 988 (6th Cir. 2010). Mere disagreement over medical treatment cannot give rise to a constitutional claim of deliberate indifference. *Durham v. Nu'Man*, 97 F.3d 862, 869 (6th Cir. 1996); *Apanovitch v. Wilkinson*, 32 F. App'x 704, 707 (6th Cir. 2002) ("[A] difference of opinion between [a prisoner] and the prison health care providers and a dispute over the adequacy of [a prisoner's] treatment . . . does not amount to an Eighth Amendment claim.").

Plaintiff's allegations of the denial of medical care fail to state a claim under this standard. Although he alleges that he had his toe amputated at some point after his encounter with medical staff at KSP (presumably after his release from incarceration), he does not provide any factual detail about any medical diagnosis that prompted the amputation, the events leading up to the amputation, or when the amputation occurred. Nor does he allege that he was completely denied care or that a delay in treatment resulted in his amputation. And Plaintiff does not explain how the denial of antibiotics on one isolated occasion subjected him to a foot amputation at a later, unspecified date. *Cf. Castro v. CoreCivic, Inc.*, No. 3:22-CV-00948, 2023 WL 3485256, at *3 (M.D. Tenn. May 16, 2023) (allegation that insulin-dependent diabetic inmate was routinely delayed or denied insulin and proper foot care which resulted in vision loss and toe amputations was sufficient to proceed past initial review).

However, assuming that Plaintiff's infected and swollen foot constituted a sufficiently serious medical need, he does not allege that Defendant Murphy knew of and disregarded "an excessive risk to [Plaintiff's] health or safety" in her alleged lack of treatment. He instead alleges a disagreement with the care he received on a single occasion. Specifically, he disagrees with Murphy's advice to treat his foot with Neosporin and to purchase bandages from the commissary. As stated earlier, a disagreement over diagnosis or treatment, including the need for antibiotics, does not amount to deliberate indifference. *Gardiner v. Corizon Health, Inc.*, No. 2:21-CV-166, 2022 WL 354520, at *7 (W.D. Mich. Feb. 7, 2022) (dismissing, on initial review, Plaintiff's Eighth Amendment claim alleging that he was denied antibiotics and provided with only ointment for a skin infection later diagnosed as MRSA). Thus, Plaintiff has failed to provide any factual allegations in the complaint from which it could be concluded that Murphy's actions placed Plaintiff at a substantial risk of serious harm.

Accordingly, Plaintiff's deliberate indifference claim against Murphy must be dismissed for failure to state a claim upon which relief may be granted.

In the alternative, Plaintiff's claim is untimely. It is clear from the complaint that Plaintiff knew of his foot infection and received the alleged constitutionally inadequate medical treatment on July 21, 2022. Applying the discovery rule, *see Coleman*, 130 F.4th at 602 (observing that discovery rule is "more plaintiff-friendly" than the standard/occurrence rule for statute of limitations computation), Plaintiff's claim accrued approximately two and a half years before he initiated this litigation, outside of the applicable one-year statute of limitations that ended on July 21, 2023. *See Caldwell v. LeMaster*, No. CV 23-76-DLB, 2024 WL 86607, at *3 (E.D. Ky. Jan. 8, 2024), *appeal dismissed*, No. 24-5118, 2024 WL 3665342 (6th Cir. May 28, 2024) (applying

discovery accrual rule and dismissing deliberate indifference claim as untimely where plaintiff alleged inadequate medical care that led to a subsequent amputation).

Accordingly, Plaintiff's claim must also be dismissed for failure to state a claim upon which relief may be granted because it is time-barred. *See Jones v. Bock*, 549 U.S. at 215 ("[I]f the allegations, taken as true . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]").

## V. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date: August 6, 2025

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.015